## FRITZ OBERHETTINGER v. DEPART-
## MENT OF REVENUE

James H. Lewelling, Newport, Oregon, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, Oregon, represented the defendant.

Decision for defendant rendered January 16, 1970.

EDWARD H. HOWELL, Judge.

The sole issue presented is whether the plaintiff was domiciled in Oregon during 1965, 1966 and 1967 and subject to Oregon personal income taxation for those years.

Prior to 1964 the plaintiff had tenure as a professor of mathematics at Oregon State University. Serious marital problems arose between the plaintiff

and his wife and in November, 1964, she left Corvallis to go to her mother's home in Washington, D.C. Because of the nature of the marital difficulties she advised plaintiff that under no circumstances would she return and live in Oregon.

In an attempt to effect a reconciliation with his wife, at the close of the school year in 1965 the plaintiff secured a one-year leave of absence from Oregon State University and went to Washington, D.C. During that summer he worked for the United States Government in Maryland. In the fall of 1965 the plaintiff and his wife moved to Newark, Delaware, where the plaintiff assumed a teaching position at the University of Delaware. The reconciliation attempt failed and in March, 1966, plaintiff's wife returned to her mother's home in Washington, D.C. The parties were divorced in 1967.

In the spring of 1966 plaintiff applied for and received an extension of his leave of absence from Oregon State University. Plaintiff continued teaching at the University of Delaware until the end of the school year in the spring of 1967. Although plaintiff was offered a permanent position with tenure at the University of Delaware he rejected the offer and returned to Oregon State University and started teaching mathematics there in the fall of 1967.

When the plaintiff and his wife lived in Corvallis they had a bank account in a local bank and owned their own home. Plaintiff conveyed his interest in the Corvallis home to his wife after she returned to Washington, D.C. in 1966. The plaintiff closed his bank account in the Corvallis bank in December, 1965, after opening an account in Newark.

Plaintiff applied for and received a Maryland

driver's license and did not renew his Oregon driver's license when it expired in February, 1966. Plaintiff purchased a car in Delaware and it was licensed in that state. Plaintiff did not register to vote in Delaware.

Prior to leaving Oregon State University the plaintiff owned a cabin in Seal Rock, Oregon. Plaintiff retained the home while in Washington, D.C. and Delaware and is living there at the present.

The plaintiff filed State of Delaware income tax returns for 1965 and 1966 and filed Oregon income tax returns for 1966 and 1967 but these were not filed until the spring of 1968.

The plaintiff testified that he would not have returned to Oregon if he and his wife had effected a reconciliation.

■ In order to constitute a change of domicile three elements are essential: (1) residence in another place; (2) an intention to abandon the old domicile; and (3) an intention of acquiring a new one. *In re Noyes Estate*, 182 Or 1, 185 P2d 555 (1947).

■ As a general rule an intention to make a new location a permanent home at some future time or upon the happening of some contingent event does not change domicile. 28 CJS, Domicile, § 11(e)(4).

Because of plaintiff's wife's announced refusal to return to Oregon, a fair conclusion of plaintiff's intention is that he did not intend to return to Oregon *if* he and his wife were reconciled. However, plaintiff must have considered the possibility that a reconciliation would not occur and that he would return to Oregon State University because he applied for a leave of absence rather than resigning from the faculty. Moreover, plaintiff was offered and refused

a permanent position with tenure at the University of Delaware which would indicate an intention not to establish a domicile in that state. Also it would seem reasonable that plaintiff would have disposed of his summer home at Seal Rock if he intended to remain permanently and indefinitely in Delaware.

■ The evidence does not support plaintiff's contention that he intended to abandon his domicile in Oregon and become permanently and indefinitely domiciled in the State of Delaware.

The order of the defendant is affirmed.