# IN THE OREGON TAX COURT

## HARLAN
*v.*
## DEPARTMENT OF REVENUE
(TC 2568)

Plaintiff appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered November 23, 1987.

### CARL N. BYERS, Judge.

Plaintiff appeals from an asserted deficiency in her reported Oregon income taxes for tax years 1980 and 1981. Defendant found that plaintiff was an Oregon domiciliary during the subject years and that one-half her husband's income, earned in a community property state, was legally

plaintiff's and should have been included in her Oregon income tax returns.

Plaintiff and her family were Oregon residents from 1970 until February, 1980, when Mr. Harlan's employment took him to Kennewick, Washington, where he and their teen-age son lived in a rented one-bedroom apartment. Plaintiff and her husband purchased a family membership in the Tri-City Court Club so their son could continue his development in tennis. Mr. Harlan's employment was terminated in October, 1981, and he returned to Oregon. During her husband's employment in Washington, plaintiff continued living in their Oregon home.

Plaintiff testified that she remained in their Oregon home in order to prepare it for sale by completing the landscaping. She estimated that she made approximately 15 weekend trips to Kennewick to visit her family and spent her vacation there. She was employed by Intel Corporation in Oregon and was a real estate salesperson for an Oregon broker during the subject years.

■ ORS 316.027(1)(b) states:

"An individual who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than 200 days of the taxable year in this state is presumed to be a resident unless the individual proves that the individual is in the state only for a temporary or transitory purpose."

■ Plaintiff asserts that she intended to live in Washington with her husband and son as soon as she sold their Oregon home, therefore, she was a domiciliary of Washington. If sufficient evidence supports this allegation, plaintiff's liability for income earned in Oregon will be that of a nonresident and her husband's Washington income will have no nexus with Oregon.

■ "Domicile" has been defined as an individual's fixed, permanent home and the place to which that person intends to return whenever he is absent. OAR 150-316.027. This subjective finding must rest on objective facts.

The undisputed facts reveal that after Mr. Harlan moved to Washington, plaintiff continued to live in their

Oregon home and was employed in Oregon. Her car was registered and insured in Oregon. She and her husband continued their joint account with an Oregon bank although they opened a joint account in Kennewick.

Plaintiff filed individual Oregon income tax returns as a resident and filed joint federal returns with her husband, listing the Oregon residence as their mailing address. For both years in question, plaintiff claimed a HARP refund on her Oregon home. In explanation of this, plaintiff testified that she had inquired by telephone of the Department of Revenue how to properly file and she had been advised to file as a resident. After the department hearing, plaintiff filed amended Oregon tax returns for the subject years, claiming nonresidency.

■ "Every person has a domicile and no person has more than one domicile at a time." *Zimmerman v. Zimmerman,* 175 Or 585, 591, 155 P2d 293 (1945).

■ In order to effect a change of domicile, three elements have been held essential:

(1) Residence in another place,

(2) An intention to abandon the old domicile, and

(3) An intention of acquiring a new one.

*In Re Noyes' Estate,* 182 Or 1, 185 P2d 555 (1947).

"As a general rule an intention to make a new location a permanent home at some future time or upon the happening of some contingent event does not change domicile." *Oberhettinger v. Dept. of Rev.,* 4 OTR 62, 64 (1970).

Reviewing the facts of this case, the evidence is persuasive that plaintiff wished to have her family unit together but changing her domicile was dependent on the contingent event of selling her Oregon home. The possibility of a new location as plaintiff's permanent home was in the future and with no degree of certainty as to time. This is evidenced by the fact that the Oregon home was never put on the market during the almost two years that plaintiff's husband and son lived in Washington.

Therefore, the court finds that plaintiff's claim of

Washington residency during tax years 1980 and 1981 is without adequate support. The defendant's determination of deficiency in reporting plaintiff's income for these tax years is hereby affirmed.

Costs to defendant.