Everett B. and Donna DAVIS
*v.*
DEPARTMENT OF REVENUE,
State of Oregon
(TC 3639)

Karen Keeney, Portland, represented plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 29, 1995.

## CARL N. BYERS, Judge.

Plaintiffs appeal from the assessment of additional income taxes for the years 1987, 1988 and 1989. The assessments involve income from out-of-state employment by Donna Davis and expenses associated with that employment.

## FACTS

Plaintiffs married in 1948 and moved to Oregon in 1953. They bought their first home in 1956 in The Dalles where they still reside. Everett Davis operates a refrigeration and appliance repair business which he started in 1964. After raising seven children, Donna was employed as a teacher-coordinator for the Headstart program in The Dalles for 13 1/2 years. During this period she became interested in working with special needs children.

Donna learned of a possible special needs teaching position in Barrow, Alaska. She inquired and eventually accepted a position with the North Slope Borough School District. The school district encompasses the village of Barrow and several other villages.

Barrow is the northernmost town in the United States, situated on the shores of the Arctic Ocean. Donna described it as a frozen desert, an austere landscape with no trees, where snow arrives in August and two months of the year is total darkness. Although she loved to walk on the beach and watch the polar bears and whales, she testified that she would not wish to live there permanently. The town is accessible only by air, has five miles of road and is serviced by public transportation. Owning a car there is impractical. It costs 50 cents per pound to air freight an automobile to Barrow. Once there, the automobile must be running or plugged into an electrical outlet because of the 40-50 degrees below zero temperature.

For Donna, the attraction of Barrow was the job and its compensation. She could work there with special needs children and earn four times the amount she earned in Oregon. Additionally, she could retire with full benefits after just seven years of teaching. She testified there are significant other benefits to living in Alaska. Every permanent

resident receives an annual dividend from the state of $800 to $1,000. In addition, senior citizens receive a monthly stipend of approximately $150, free transportation, subsidized housing, free meals and other benefits.

Donna hesitated in going to Alaska because of the separation from Everett. She declined two offers of employment, but eventually decided that this was a divinely provided opportunity and accepted a third offer. Donna commenced her employment in January 1987. Initially she was on probation and paid at a daily rate. In May 1987 she was granted full tenure which entitled her to an employment contract paying almost $50,000 per year.

Donna taught school in Barrow during the 1987, 1988 and 1989 school years. She returned to The Dalles for summer vacations, most of which were spent traveling with Everett or her daughter. During school holidays, such as Christmas, she sometimes returned to Oregon and sometimes visited other states. Everett visited Donna in Barrow twice each school year.

Plaintiffs' plans were interrupted in April 1988 when Donna tripped over some debris left from a fire in the school. She injured her back and the pain became so great that she required medical attention. Barrow has a medical clinic that provides only primary care. Donna was referred out for care in August 1988 and she made an appointment to see a doctor in Oregon. After examinations by numerous doctors in Oregon, her problem was finally corrected through surgery. She was released from medical care for return to work in Barrow on November 25, 1988.

In August 1989, Donna reinjured her back when a child fell on her, crushing four vertebrae. Alaska doctors refused to treat her because her prior injury had been treated in Oregon. Consequently, she felt compelled to return to Portland to obtain medical care. After another period of frustration, she underwent a second surgery. As a result of her second injury, Donna was unable to work and began receiving social security disability payments.

While Donna worked in Barrow the school required her to live in a particular apartment. The cost of the apartment was deducted from her paycheck. In orientation meetings, the school administrators indicated to the employees

that such rent payments were deductible because the school required the employees to live in the apartments. Donna conveyed this information to the accountant who prepared plaintiffs' income tax returns. The accountant deducted the rent payments as away-from-home expenses. The accountant also deducted some of Donna's travel expense between Oregon and Alaska.

## ISSUES

The issues before the court are:

1. Was Donna domiciled in Alaska during 1987, 1988 and 1989?

2. Were plaintiffs entitled to deduct the away-from-home expenses claimed?

## ANALYSIS

Oregon imposes a personal income tax on the taxable income of each resident of this state. ORS 316.027(1) (1987) defines resident as:

"(a)   An individual who is domiciled in this state unless the individual:

"(A)   Maintains no permanent place of abode in this state;

"(B)   Does maintain a permanent place of abode elsewhere; and

"(C)   Spends in the aggregate not more than 30 days in the taxable year in this state; or

"(b)   An individual who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than 200 days of the taxable year in this state unless the individual proves that the individual is in the state only for a temporary or transitory purpose."

Defendant's administrative rule states:

"Domicile has been defined as the place where an individual has his true, fixed, permanent home and principal establishment, and to which place he has the intention of returning whenever he is absent." OAR 150-316.027.

There is no question plaintiffs were domiciled in Oregon prior to 1987. Donna contends that she changed her

domicile to Alaska, as evidenced by the fact that she registered to vote and received the Alaska resident dividend. She also established a bank account in Alaska which she maintained during the years involved. Plaintiffs testified that they had planned to move to Alaska even before Donna's employment, noting that a number of family members lived there. However, they needed to get out of debt and be able to afford the higher cost of living in Alaska.

■ The concept of domicile dictates that an individual have only one domicile at a time. *Zimmerman v. Zimmerman*, 175 Or 585, 591, 155 P2d 293 (1945). In order to change domicile, an individual must not only establish a residence in the new place but have an intention to abandon the old domicile and acquire a new one. *In Re Noyes' Estate*, 182 Or 1, 185 P2d 555 (1947). The intent to change domicile or to acquire a new domicile must be a present intent and not conditioned upon some future event or contingent event. *Oberhettinger v. Dept. of Rev.*, 4 OTR 62 (1970). For example, in *Harlan v. Dept. of Rev.*, 10 OTR 497 (1987), the court found that a taxpayer whose intent to change her domicile was dependent upon selling her Oregon home did not result in a change in domicile.

■ The court finds that the preponderance of the evidence does not support plaintiffs' contention. Even though Donna obtained tenure in May 1987, she never took action to move to Alaska permanently. Although Everett testified that he cut back on his business, he continued to operate it. Plaintiffs never intended to sell their home in Oregon and never listed it for sale. Plaintiffs acknowledge that they had no intent to live in Barrow, but wanted to live in the Anchorage area. There is no evidence they ever took the first step towards obtaining housing, investigating employment or business opportunities for Everett or seriously investigating the benefits and burdens of domicile in Alaska.

■ Donna testified that plaintiffs have had a long and loving marriage. They talked to each other twice a day on the telephone while Donna was in Alaska. Plaintiffs do not contend that Everett ever changed his domicile. Consequently, it is unlikely that Donna would change her domicile while Everett continued to be domiciled in Oregon.

Despite plaintiffs' claim that they were ignorant of the tax laws, and that they only casually examined their returns when they signed them, it is significant that they claimed Donna's rent and travel expenses as "away from home" expenses. Such a claim is some evidence that Donna still considered Oregon her home. *See dela Rosa v. Dept. of Rev.*, 11 OTR 201 (1989), *aff'd* 313 Or 284, 832 P2d 1228 (1992).

■      Plaintiffs' claimed deduction of "away from home" expenses also cannot be allowed. In *Commissioner v. Flowers*, 326 US 465, 66 S Ct 250, 90 L Ed 203 (1946), the United States Supreme Court ruled that a taxpayer who chooses to live in one city but work in another may not deduct the expenses incurred in traveling between the two places. Since that time, it has been established that "home" means where the taxpayer's principal place of employment or business is located. Thus, a taxpayer may have two homes; one is a tax home where the taxpayer works and the other is the home where the taxpayer lives. During the years 1987 through 1989 Donna's tax home was in Barrow. Consequently, the expenses of travel to and from Oregon and the expense of living in Alaska were not away-from-home expenses. *Tucker v. Commissioner*, 55 TC 783 (1971).

Based on the above, the court finds that Donna never abandoned her domicile in Oregon and her intention to establish a domicile in Alaska was never realized. Consequently, department's Opinion and Order No. 92-5153 must be sustained. Costs to neither party.