No. 6     November 5, 2012     47

IN THE OREGON TAX COURT
REGULAR DIVISION

William Glenn ASHBY,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant*.
(TC 5024)

Plaintiff (taxpayer) appealed from a Magistrate Division decision arguing that he was not a resident of Oregon during tax years at issue and should pay taxes to Oregon only on his Oregon-source income and receive a credit for tax paid to California. Defendant (the department) contended that taxpayer was a resident of Oregon during tax years at issue and thus owed taxes to Oregon on his entire income for those years despite the fact that most of taxpayer's income was concededly derived from sources outside of Oregon. The department also sought penalties for late filing in the years at issue. Following trial the court found that taxpayer had not carried the burden of showing by a preponderance of the evidence that he had abandoned his previously established domicile in Oregon and established a new domicile in California, that he was a resident of Oregon for the years at issue, and therefore taxpayer was liable for Oregon tax as assessed, liable for penalties assessed for late filing, and pursuant to statute, ineligible for a credit for tax paid to California.

Trial was held December 12, 2011, in the courtroom of the Oregon Tax Court, Salem.

William Glenn Ashby, Plaintiff (taxpayer) argued the cause *pro se*.

Nathan Carter, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered November 5, 2012.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION

This case comes before the court for decision following a trial in the Regular Division. Plaintiff William G. Ashby (taxpayer) argues that he was not a resident of Oregon during tax years 2002, 2003, and 2004, and thus should pay taxes to Oregon only on his Oregon-source

income. Defendant Department of Revenue (the department) contends that taxpayer was a resident of Oregon during tax years 2002, 2003, and 2004, and thus owes taxes to Oregon on his entire income for those years despite the fact that most of taxpayer's income was concededly derived from sources outside of this state. The department also seeks penalties for late filing in tax years 2002, 2003, and 2004.[1]

## II.   FACTS

Taxpayer is a Certified Public Accountant (CPA) specializing in state and local government finance, auditing, and technology. Taxpayer moved to Oregon in 1991 and accepted employment with the Oregon Department of Administrative Services. At some time during 1992 or 1993, taxpayer and his then-spouse purchased a three bedroom, one bathroom house in Portland (the Portland house).

In 1996 taxpayer accepted a management position with the California State Controller's Office. At about this time taxpayer physically relocated to California. Taxpayer's then-spouse, however, remained in Oregon and continued to live in the Portland house.

During the years at issue in this case, taxpayer stayed in a room in the residence of the parents of taxpayer's then-spouse (taxpayer's then-inlaws). Taxpayer paid rent to his then-inlaws while living in their house. He did not, however, pay any other upkeep costs relating to their house. Taxpayer and his then-spouse paid roughly pro rata shares of the expenses to maintain the Portland house, based on their relative incomes. Taxpayer and his then-spouse divorced in 2007.

In 2002, 2003, and 2004, taxpayer was employed by KPMG LLP in Sacramento, California. There is no dispute that taxpayer was physically present in California the vast majority of the time during each of these years. The parties have stipulated that during these years taxpayer spent roughly 40 days per year in Oregon. However, taxpayer retained his Oregon driver's license and remained

---

[1] Tax year 2005 was also initially at issue in this case. However, prior to trial in this case the department determined that it had erred with regard to tax year 2005 and conceded as to that year.

registered to vote in Oregon. Taxpayer's personal vehicle during the tax years at issue was registered in California.

Taxpayer holds CPA licenses in both Oregon and California. Taxpayer first acquired his California CPA license and then subsequently received his Oregon license via reciprocity.

From 1996 through 2001, taxpayer filed Oregon income tax returns as a part-year resident of Oregon. Taxpayer did not timely file Oregon Income tax returns in 2002, 2003, and 2004. In September of 2006 taxpayer filed nonresident Oregon Income tax returns for 2002, 2003, and 2004. For each of the years at issue, taxpayer filed jointly with his then-spouse, treating only his then-spouse's income as Oregon source income. The department determined that taxpayer was a resident of Oregon and that he owed Oregon income tax based on the entirety of the couple's combined income, rather than just the portion of the couple's combined income that was attributable to Oregon. On March 27, 2007, the department issued notices of deficiency assessment for each of the tax years at issue in this case. In addition to the tax assessed, the department also assessed penalties in the amount of 100 percent of the tax owed in each of the tax years at issue because taxpayer failed to file Oregon Income tax returns for three consecutive years.

Taxpayer appealed the notices of assessment to the Magistrate Division. The magistrate found for the department. *See Ashby v. Dept. of Rev.*, TC-MD No 090511C (May 5, 2011). Before this division of the court, taxpayer argues that he was not a resident of Oregon during tax years 2002, 2003, and 2004.

## III.  ISSUES

(1)  Was taxpayer a resident of Oregon during tax years 2002, 2003, and 2004;

(2)  Is taxpayer subject to penalties for late filing under ORS 305.992; and

(3)  Is taxpayer entitled to a credit for income taxes paid to California, rather than to Oregon, for tax years 2002, 2003, and 2004.

## IV.  ANALYSIS

ORS 316.037(1)(a) imposes a "tax * * * on the entire taxable income of every resident of this state."[2] ORS 316.037(3) conversely imposes a "tax * * * on the taxable income of every full-year nonresident that is derived from sources within this state."[3] In a case such as this one, where the taxpayer undisputedly derived most of his income during the years 2002, 2003, and 2004, from sources outside of Oregon, treatment as a nonresident of Oregon would thus result in a substantial reduction in Oregon Income tax liability for each of those years.[4]

A.  *Was Taxpayer an Oregon Resident during Tax Years 2002, 2003, and 2004*

ORS 316.027(1) states, in pertinent part:

"(a)    'Resident' or 'resident of this state' means:

"(A)    An individual who is domiciled in this state unless the individual:

"(i)    Maintains no permanent place of abode in this state;

"(ii)    Does maintain a permanent place of abode elsewhere; and

"(iii)    Spends in the aggregate not more than 30 days in the taxable year in this state[.]"

The conditions of ORS 316.027(1)(a)(A)(i) to (iii) are conjunctive. That means that the failure of a person domiciled in Oregon to meet any one of these three conditions makes that person a resident of Oregon.

---

[2] Taxpayer's claims regarding the tax years 2002 and 2003 are governed by the 2001 edition of the Oregon Revised Statutes (ORS), while taxpayer's claims regarding the 2004 tax year are governed by the 2003 edition of the ORS. The statutory text quoted by the court in this opinion is identical in both of these editions of the ORS.

[3] ORS 316.037(2) likewise imposes a tax "for each taxable year on the entire taxable income of every part-year resident" of Oregon. However, neither the department nor taxpayer argues that taxpayer should be considered a part-year resident of Oregon, as that term is defined in ORS 316.022(4), for any of the years at issue.

[4] Income from wages has its source where the work done by the employee was performed. *See* Oregon Administrative Rules (OAR) 150-316.127-(A)(1).

In this case the parties have stipulated that taxpayer spent roughly 40 days in Oregon during each of the tax years at issue. This, of course, exceeds the 30 days provided for under ORS 316.027(1)(a)(A)(iii). Taxpayer therefore fails to satisfy the condition of ORS 316.027(1)(a)(A)(iii) and, as a result, the issue of taxpayer's residency turns on the question of whether taxpayer was domiciled in Oregon during tax years 2002, 2003, and 2004.[5]

The term "domicile" is not defined in Oregon's tax statutes. However, the term is commonly defined as:

> "The place at which a person has been physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere."

*Black's Law Dictionary* 523 (8th ed 2004). Everyone has a domicile and an individual can only have one domicile at any one time. *Zimmerman v. Zimmerman*, 175 Or 585, 591 (1945). In order to change domicile, an individual must (a) intend to abandon that person's former domicile and acquire a new one, and (b) actually acquire a new domicile. *Davis v. Dept. of Rev.*, 13 OTR 260, 264 (1995).

Because an intention to abandon one domicile and to establish another elsewhere is purely subjective, testimony from an individual as to his or her individual intent at any given time will not satisfy the burden of proof. *Hudspeth v. Dept. of Revenue*, 4 OTR 296, 298-99 (1971). Rather, the court must look at the objective circumstances surrounding taxpayer's activities prior to, during, and—to some extent— after, the 2003, 2004, and 2005 tax years and determine whether the circumstances surrounding those activities support taxpayer's contention that he had formed the requisite intent and was domiciled in California, rather than Oregon, during tax years 2002, 2003, and 2004. Taxpayer

---

[5] That is not to suggest that taxpayer might not also fail to satisfy the other conditions found at ORS 316.027(1)(a)(1)(i) or (ii). However, inasmuch as all three conditions must be met for a person domiciled in Oregon to avoid Oregon residency and the parties have stipulated that taxpayer does not meet ORS 316.027(1)(a)(A)(iii), there is no point in discussing the other two requirements.

must prove his intentions by a preponderance of the evidence. ORS 305.427.

As an initial matter, the court concludes that taxpayer and his then-spouse became residents of Oregon at or about the time that he and his then-spouse moved to Oregon in 1991. Taxpayer's actions in accepting employment with the Oregon Department of Administrative Services and purchasing a house in Portland with his then-spouse are consistent with an intention to permanently, or at least indefinitely, relocate to Oregon. While taxpayer's actual time spent in Oregon was relatively short, nothing in the record suggests, and taxpayer does not argue, that he considered his move to Oregon temporary at the time of that move.

During the tax years at issue in this case, taxpayer had ties to both Oregon and California. The court considers some of these ties to be more probative of taxpayer's intent during those tax years than others. For example, during the tax years at issue, taxpayer was registered to vote in Oregon and retained an Oregon driver's license. These facts each, at the margins, support the view that taxpayer never abandoned his Oregon domicile and in fact intended to return to Oregon after a sojourn working in California. However, there are other factors present in this case that shed greater light on taxpayer's state of mind during tax years 2002, 2003, and 2004.

In deciding the issue of taxpayer's domicile during the years at issue, the court places particular weight on the following facts:

(1)   During the tax years in question, taxpayer's then-spouse remained in Oregon;

(2)   During the tax years in question, taxpayer continued to own and help maintain the Portland house; and

(3)   During the tax years in question, taxpayer rented a room in the house of his then-inlaws.

The court now turns to the significance of each of these facts in determining taxpayer's domicile.

The parties have stipulated that taxpayer's then-spouse remained in Oregon during the tax years at issue

in this case. This is significant because it leads the court to conclude, combined with the other facts that the parties have stipulated to regarding the activities of taxpayer's then-spouse, that taxpayer's then-spouse was domiciled in Oregon during the 2002, 2003, and 2004 tax years. This court has long held that it is unlikely that one spouse would change his or her domicile while the other spouse remained domiciled in another state. *Davis*, 13 OTR at 264 (1995). In this case, of course, that presumption must be considered in light of taxpayer's eventual divorce from his then-spouse. However, nothing in the record suggests that taxpayer and his then-spouse were estranged during the tax years in question. Indeed, the fact that while in California taxpayer rented a room in the house of his then-inlaws suggests that taxpayer and his then-spouse probably remained on good terms at this time.

The fact that taxpayer owned and maintained a house in Portland during the years at issue in this case further suggests that taxpayer intended to return to Oregon after some time working in California. The parties have stipulated that taxpayer and his then-spouse split the upkeep costs for the Portland house on a "roughly pro rata" basis, "based on their relative incomes." The court understands this statement to mean that the proportion of household maintenance costs paid by taxpayer was roughly proportional to taxpayer's contribution to the combined income of taxpayer and his spouse. Taxpayer's tax returns for the 2002, 2003, and 2004 tax years show that his income, and thus his share of household upkeep costs for the Portland house, far exceeded those of his then-spouse, even though he was not living in the Portland house at the time. The fact that taxpayer paid these expenses during the tax years at issue suggests that taxpayer had not abandoned his Oregon domicile. This conclusion is further bolstered by the absence of any evidence that taxpayer ever sought to sell or lease the Portland house.

Finally, and for reasons that are related to the factors discussed above, the fact that taxpayer lived in a rented room in the house of his then-inlaws during the tax years at issue suggests that taxpayer had not abandoned his Oregon

domicile. As was discussed above, the fact that taxpayer lived with his then-inlaws suggests that he and his then-spouse were on good terms during the tax years at issue, even though they were living apart at that time. In addition, taxpayer's living arrangements in California do not suggest an intention to abandon his domicile in Oregon and permanently establish a new domicile in California. Despite the long duration of taxpayer's stay at his then-inlaws' house, the court has difficulty believing that taxpayer—a homeowner in Oregon—intended to abandon his house in Oregon (while still retaining ownership of, and significant financial responsibility for, that house) and permanently move in with his then-inlaws in California. There is, however, no evidence in the record that taxpayer ever sought alternative accommodations in California either before or during the tax years at issue in this case. This would seem to suggest that taxpayer considered his stay in California temporary, though given the duration of his stay perhaps he had no way of knowing exactly when it would end.

There are facts in the record tending to support the view that taxpayer had abandoned his domicile in Oregon and established a new domicile in California during the tax years at issue. These include, foremost, the long duration of taxpayer's physical presence in California. However, for the reasons stated above, the court concludes at a minimum that taxpayer has not carried the burden of showing by a preponderance of the evidence that he had abandoned his previously established domicile in Oregon and established a new domicile in California at any time prior to or during tax years 2002, 2003, and 2004. The court therefore holds that taxpayer remained a resident of Oregon during tax years 2002, 2003, and 2004.[6]

---

[6] In his briefing taxpayer states that concluding that taxpayer was a resident of Oregon during the tax years at issue in this case would improperly "usurp" California law. As taxpayer argues, this is because a tribunal applying California's laws to the facts in this case would likely determine that taxpayer was a resident of California during the tax years at issue. What taxpayer misunderstands is that there is no usurpation here. Subject only to limitations in the federal constitution that are not relevant to the outcome of this case, each state is free to establish its own criteria for residency. *See* Jerome R. Hellerstein and Walter Hellerstein, I *State Taxation* ¶ 20.03 (3d ed 1998).

B.  *Taxpayer's Liability for Penalties for Late Filings Under ORS 305.992*

In addition to the deficiencies assessed against taxpayer for the 2002, 2003, and 2004 tax years, the department further seeks penalties against taxpayer for each of those tax years as provided for in ORS 305.992.

ORS 305.992(1) provides:

> "If any returns required to be filed \*\*\* are not filed for three consecutive years by the due date (including extensions) of the return required for the third consecutive year, there shall be a penalty for each year of 100 percent of the tax liability determined after credits and prepayments for each such year."

Phrased another way, if a taxpayer fails to file required tax returns for three consecutive years on or before the date that the tax return for the third consecutive year becomes due, the department is required to levy a penalty equal to 100 percent of a taxpayer's outstanding tax liability for each of the consecutive years for which a taxpayer has failed to file a tax return.

Here there is no dispute that taxpayer did not file his tax returns for tax years 2002, 2003, and 2004 until September of 2006. Taxpayer's tax return for 2004—the third consecutive year in which taxpayer failed to timely file—was due on April 15, 2005. ORS 314.385 (requiring an Oregon return to be filed "on or before the due date of the corresponding federal return"); Internal Revenue Code (IRC) § 6072(a) (requiring returns for calendar year taxpayers to be "filed on or before the 15th day of April following the close of the calendar year" for which the return is due).[7] Taxpayer is thus subject to the penalty of ORS 305.992 for each of the tax years at issue in this case.

C.  *Taxpayer's Entitlement to a Credit against Oregon Income Taxes for Income Taxes Paid to California*

Finally, taxpayer contends that if the court, as it has, determines that taxpayer is an Oregon resident subject

---

[7] There is no evidence in the record that taxpayer ever sought or received an extension of the due date prescribed by IRC section 6072.

to Oregon income tax on the entirety of his income, he is entitled to a credit for income taxes that taxpayer has already paid to California. This argument is not well taken.

ORS 316.082 provides in pertinent part:

"(1)   A resident individual shall be allowed a credit against the tax otherwise due under this chapter for the amount of any income tax imposed on the individual \*\*\* for the tax year by another state on income derived from sources therein and that is also subject to tax under this chapter.

"\*\*\*\*\*

"(5)   Credit *shall not be allowed* under this section for income taxes paid to a state that allows a nonresident a credit against the income taxes imposed by that state for taxes paid or payable to the state of residence. It is the purpose of this subsection to avoid duplicative taxation through use of a non-resident, rather than a resident, credit for taxes paid or payable to another state."

(Emphasis added.) There is no other provision of Oregon law permitting a resident of Oregon a credit against Oregon income tax liability arising from payment of income taxes to another state. However, ORS 316.082(5) clearly indicates that residents of Oregon owing taxes both in Oregon and in another state cannot receive the credit if the other state permits nonresidents to claim income taxes paid to Oregon as a credit against income taxes levied by that state. Therefore the only question is whether California allows nonresidents a credit against California income tax liability for income taxes paid to their state of residence.

California Revised Code section 18002 provides, in pertinent part:

"(a)   Subject to the following conditions, *nonresidents* shall be allowed a credit against the 'net tax' (as defined by Section 17039) for net income taxes imposed by and paid to the state of residence \*\*\*."

(Emphasis added.) "Net tax," for purposes of this statute, is a tax on income. *See* Cal Rev Code § 17039; Cal Rev Code § 17041. That is to say that California allows nonresidents of California a credit against income taxes imposed by California for taxes paid to a given nonresident's state of

residence. Therefore, the credit provided for in ORS 316.082 is not available to taxpayer; the text of ORS 316.082 permits no other interpretation.

## V.   CONCLUSION

Now, therefore,

IT IS THE DECISION OF THIS COURT that taxpayer was a resident of Oregon during tax years 2002, 2003, and 2004; and

IT IS FURTHER DECIDED that taxpayer is liable for penalties for late filings under ORS 305.992; and

IT IS FURTHER DECIDED that taxpayer is not entitled to a credit against Oregon income tax liability for income taxes paid to California for tax years 2002, 2003, and 2004.