IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DAVID B. BRILLENZ )
and JULIE A. BRILLENZ, )
)
      Plaintiffs, ) TC-MD 150518C
)
  v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
      Defendant. ) **FINAL DECISION**[1]

Plaintiffs appeal Defendant's Notice of Deficiency Assessment dated September 29, 2015, for the 2014 tax year. A trial by telephone was held on April 27, 2016. David Brillenz (Brillenz) appeared and testified on behalf of Plaintiffs. Steve Tillotson appeared and testified on behalf of Defendant. No exhibits were received from Plaintiffs. Defendant's Exhibits A to N were received without objection. Plaintiffs' motion to continue the trial for additional preparation time was denied.

## I. STATEMENT OF FACTS

The parties do not dispute the facts of this case. Plaintiffs were Nevada residents on January 1, 2014. In 2014, Brillenz worked in California. Plaintiffs moved to Oregon and Brillenz began to work for the U.S. Forest Service in Oregon on August 23, 2014. Plaintiffs timely filed a Part-Year Residents return in Oregon for the 2014 tax year and a Part-Year return in California. On their 2014 Oregon return Plaintiffs reported only their total Oregon sourced income of $37,720 on line 30F (total federal wages after adjustments). (Def's Ex A at 1.)

---

[1] This Final Decision incorporates without change the court's Decision, entered August 15, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Brillenz testified that the tax program he used to prepare the return originally put in the full amount of his federal income on line 30F, but he manually changed it to include only Oregon source income because he felt the full figure would result in him being taxed twice on his California income. The manual adjustment caused the program to allocate 100 percent of his income and Exemption credit (lines 39, 53) to Oregon. Plaintiffs assert that they were correct in only reporting Oregon source income on their 2014 Oregon return to avoid double taxation pursuant to *Comptroller of the Treasury of Maryland v. Wynne Et Ux (Wynne)*, __ US __, 135 S Ct 1787, 191 L Ed2d 813 (2015).

Defendant corrected Plaintiffs' 2014 Oregon return and made the following adjustments: put in the full amount of Plaintiffs' federal wages after adjustment in line 30F and adjusted the Oregon income percentage from 100 percent to 34.6 percent. (Def's Ex D at 2.) Those adjustments decreased the Oregon Exemption credit from $955 to $330 and increased the total Oregon income tax due from $1,981 to $2,902. (*Id.*)

Tillotson testified that Plaintiffs should have reported their full federal wages on their return making it subject to a reduction of Oregon taxes and Exemption credits based on a percentage of their Oregon income to their total income for the year. He testified Plaintiffs were not entitled to a full Exemption credit because they were not being taxed on their full income. He also testified that California has an agreement in place which would have allowed Plaintiffs to take a credit on their California return for taxes paid to Oregon, but they have declined to do so.

/ / /

/ / /

/ / /

## II. ANALYSIS

A.    *State Law*

Oregon imposes a personal income tax for each part-year resident of the state.  ORS 316.037(2).[2]  The amount of taxes is determined by increasing percentages (brackets) as the total income increases.  ORS 316.037(1).  "The amount of the tax shall be computed under subsection (1) of this section as if the part-year resident were a full-year resident and shall be multiplied by the ratio provided under ORS 316.117 to determine the tax on income derived from sources within this state."  ORS 316.037(2).  ORS 316.117(1) provides guidance on the proration process for part-year resident individuals as follows:

> "the proportion for making a proration for nonresident taxpayers of the standard deduction or itemized deductions, the personal exemption credits and any accrued federal or foreign income taxes, or for part-year resident taxpayers of the amount of the tax, between Oregon source income and income from all other sources is the federal adjusted gross income of the taxpayer from Oregon sources divided by the taxpayer's federal adjusted gross income from all sources.  If the numerator of the fraction described in this subsection is greater than the denominator, the proportion of 100 percent shall be used in the proration required by this section. As used in this subsection, "federal adjusted gross income" means the federal adjusted gross income of the taxpayer with the additions, subtractions and other modifications to federal taxable income that relate to adjusted gross income for personal income tax purposes."

Following the procedures outlined above, Defendant used Plaintiffs' total federal adjusted income in order to calculate the percentage of Oregon income.  Defendant calculated Plaintiffs' Oregon source income, as $37,720 (Oregon adjusted gross income) divided by $108,917 (Federal Adjusted Gross Income), or 34.6 percent.  This court has previously explained the purpose of this calculation:

> "First, taxing only Oregon source income would in some cases put the taxpayer in a lower tax bracket than full-year Oregon residents with the same annual income. Second, the deductions allowed in arriving at taxable income would all have to be

---

[2] References to the Oregon Revised Statutes (ORS) are to the 2013 version.

adjusted by the percentage of Oregon income versus total income for the year, or the taxpayer could receive a windfall because both standard and itemized deductions are geared to a 12-month period."

*Torpy v. Dept. of Rev.*, TC-MD 040972C, WL 3119002, at \*2 (Dec 30, 2004).

The increase in Oregon taxes in this case stems from two sources: first, Plaintiffs' Exemption credit was reduced based on their percentage of Oregon source income to their total income; second, the effective rate of Plaintiffs' taxes went up because of the graduated tax schedule. The court finds that Defendant correctly applied Oregon law in determining the percentage of Oregon source income, and the percentages of Exemption credits and taxes owed.

B.      *Constitutional Claim*

Plaintiffs argue that calculating Oregon taxes based in part on their total federal wages subjects them to double taxation contrary to the recent Supreme Court decision in *Wynne*. In *Wynne*, the Court reviewed a Maryland tax scheme where residents were subject to a "state" income tax and a "county" income tax. *Wynne*, 135 S Ct at 1790. Maryland allowed credit for taxes paid to another state on the state tax but not the county tax. *Id*. The Court found the tax scheme violated the U.S. Constitution stating:

> "Like many other States, Maryland taxes the income its residents earn both within and outside the State, as well as the income that nonresidents earn from sources within Maryland. But unlike most other States, Maryland does not offer its residents a full credit against the income taxes that they pay to other States. The effect of this scheme is that some of the income earned by Maryland residents outside the State is taxed twice."

*Id*. at 1792.

The Commerce Clause empowers Congress to regulate Commerce between States. US Const, Art 1 § 8, cl 3. The Supreme Court has held that even where Congress does not make a law States cannot impose taxes that discriminate against or impose excessive burdens on

/ / /

FINAL DECISION  TC-MD 150518C                                                                                      4

interstate commerce; this is commonly referred to as the "dormant Commerce Clause." *Id.* at 1794.

In *Wynne*, the Court evaluated the Maryland tax under its "internal consistency" standard, questioning "whether a 'tax is applied to an activity with a substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the service provided by the state." 135 S Ct at 1793. Under that test, the court asks "if every State adopted Maryland's tax scheme" would interstate commerce be "taxed at a higher rate than intrastate commerce." *Id*.

In this case, Plaintiffs' Oregon income had a substantial nexus to Oregon because they became residents of the state. The Oregon tax scheme endeavors to fairly apportion taxes by using a formula designed to compute the percentage of Oregon adjusted income to total federal adjusted income for the year. Taxpayers may be unhappy in that they may be placed in a higher tax bracket than they would without the out-of-state income, however, the scheme is fairly apportioned between states. Further, under Supreme Court's guiding question, if every state adopted a scheme of applying a percentage of state income to federal income and allowed for a credit for out-of-state taxes paid, the Oregon law passes the internal consistency test. This is so because in addition to allocating percentages of in-state income, Oregon and California provide for credits for taxes paid to the extent taxpayers are taxed twice on the same income. In Oregon, ORS 316.082 provides, in pertinent part:

> "(1) A resident individual shall be allowed a credit against the tax otherwise due under this chapter for the amount of any income tax imposed on the individual * * * for the tax year by another state on income derived from sources therein and that is also subject to tax under this chapter.
>
> " * * * * *
>
> "(5) Credit shall not be allowed under this section for income taxes paid to a state

that allows a nonresident a credit against the income taxes imposed by that state for taxes paid or payable to the state of residence. It is the purpose of this subsection to avoid duplicative taxation through use of a nonresident, rather than a resident, credit for taxes paid or payable to another state."

In California, the Revenue and Taxation Code section 18002 provides, in pertinent part: "(a) Subject to the following conditions, *nonresidents* shall be allowed a credit against the 'net tax' (as defined by Section 17039) for net income taxes imposed by and paid to the state of residence * * * ." (Emphasis added). "Net tax," for purposes of this statute, is a tax on income. *See* Cal Rev Code § 17039; Cal Rev Code § 17041. In other words, California allows nonresidents of California a credit against income taxes imposed by that state for taxes paid to a nonresident's state of residence. *Ashby v. Dept. of Rev.*, 21 OTR 47, 56-57 (2012).

Even though Oregon required Plaintiffs to compute taxes with their full federal wages, which included income derived from California, Plaintiffs were not subject to double taxation because Oregon reduces their taxes and exemptions to a percentage of their Oregon income. Additionally, Plaintiffs may have been eligible for a credit on their California tax return for taxes paid to Oregon, if they were subject to tax on the same source of income. The court finds that Oregon's tax scheme is not invalid under the Supreme Court's decision in *Wynne*.

## III. CONCLUSION

After careful consideration, the court concludes that Plaintiffs have not shown that the audit adjustments were improper under Oregon law or under the U.S. Constitution. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' requested relief is denied and the Defendant's Notice of Deficiency Assessment, dated September 29, 2015, is upheld.

Dated this ___ day of September 2016.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on September 2, 2016.*